## Bank of Whittier v. First National Bank of Chicago.

### Gen. No. 12,081.

1. BANK—*when guilty of negligence in making collection.* A bank is guilty of negligence in making a collection where it sends the evidence of indebtedness to be collected to the payor therein named or authorizes the same to be sent to such payor. Held, from the documentary evidence in this case, that the bank authorized the sending of the evidence of indebtedness to the payor.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed, with finding of facts, and judgment here. Opinion filed December 22, 1905.

**Statement by the Court.** The Bank of Whittier brought assumpsit against the First National Bank of Chicago to recover the amount of a certificate of deposit for $1,650 issued by D. F. Parsons, a banker at Burr Oak, Michigan, dated February 2, 1898, payable to the order of J. R. Wallace and by him endorsed to the plaintiff bank. This certificate was forwarded to the defendant bank for collection and

Bank of Whittier v. First Nat'l Bank of Chicago.

by it to the Citizens Savings Bank of Detroit, Michigan, for collection. The Citizens Bank sent the certificate direct to Parsons for collection and Parsons some days after he received it made an assignment and the certificate remains wholly unpaid.

The declaration charged that the defendant bank negligently, etc., authorized and directed, etc., the Citizens Bank, to send said certificate direct to Parsons for collection.

The cause was submitted to the court upon an agreed statement of facts and from a judgment for the defendant this appeal is prosecuted.

The facts are in substance that Parsons, February 2, 1898, carried on a private bank at Burr Oak, Michigan, and on that day issued the certificate in question; that Wallace, the payee, endorsed the certificate and delivered the same to the plaintiff for value; that it endorsed and delivered the same for collection to the Bank of California; that it endorsed and delivered the same for collection to the defendant bank September 6, 1898; that September 7, 1898, the defendant bank endorsed said certificate to the Citizens Savings Bank of Detroit, Michigan, and delivered the same to said bank for collection; that the Citizens Savings Bank was not the regular correspondent of the defendant bank; that in the same enclosure the defendant delivered to the Citizens Bank the following letter:

"Chicago, Ill., Sept. 6, 1898.

Citizens Savings Bank,
   Detroit Mich.

Dear Sir:—

I enclose items as per statement below for collection and returns.

     Yours respectfully,
      R. J. STREET, Cashier.

Protest all paper unless otherwise instructed.
Burr Oak, 1,650.00 and int.
     38.50
    ——————
    1,688.50;"

that in the same enclosure the defendant delivered to the Citizens Bank the following:

"Citizens Savings Bank,
        Detroit, Mich.
    We send this C. D. for $1,650 & int. to you for collection, as we note that you have a correspondent at Burr Oak, Mich.   Please collect for us at your best rate of exchange, and oblige.                    FIRST NATIONAL BANK,
9-6-'98.                              A. Chicago.

    Kindly take this ticket off before forwarding to Burr Oak;"
that at the time defendant so delivered said certificate and writings to the Citizens Savings Bank there was no bank at Burr Oak except the bank of D. F. Parsons and the defendant then knew that fact and knew that said bank of D. F. Parsons was the correspondent at Burr Oak of said Citizens Savings Bank of Detroit; that September 7, 1898, said Citizens Savings Bank endorsed said certificate as follows: "Pay to any bank or order," and sent the certificate by mail to said Parsons at Burr Oak for collection; that Parsons received said certificate September 8, 1898, and made an assignment September 13, 1898, and his assets were not sufficient to pay more than eight per cent of his indebtedness; that September 16, 1898, the defendant bank wrote to the Citizens Bank as follows:

    "You state that the Burr Oak item was properly received by you and promptly forwarded to Burr Oak for collection. Please be kind enough to give us the date of receipt, date when you sent and also state whether you sent direct to Parsons or through some other agency at Burr Oak;" to which the Citizens Bank answered as follows September 19:

    "In answer to your inquiry of the 16th inst, regarding the Burr Oak item forwarded for collection, I will say that we received the certificate Sept. 7th, and sent it the same day direct to Parsons, as per your instructions on a ticket attached to same.   Not receiving notice of its payment, I wrote Sept. 12th asking him to report payment and

remit, which he failed to do. I telegraphed you immediately as soon as I heard of his assignment, as requested by the slip attached. Your instructions to us were that you sent it to us for collection, as you note that we have a correspondent at Burr Oak, and, there being no other bank there, we were obliged to send it to the only collection agency known to us, and which you knew also was the only one when you sent it to us;"

that the defendant bank replied to the above letter as follows September 23:

"We have your favor of the 19th instant. In sending the item to you as we did, we supposed that it was intended to have the advantage of your knowledge of Parsons. We were aware that his was the only bank at Burr Oak, but we thought that you would know enough about him not to send to him an item on himself for $1,650 unless you had and were warranted in having considerable confidence in him. You say nothing on this point. Kindly let us know how you regarded Parsons;"

that to the above letter the Citizens Bank replied as follows September 23, 1898:

"In answer to yours of the 21st inst, regarding the certificate sent to D. F. Parsons, of Burr Oak, who recently failed, I would say that we have had entire confidence in Mr. Parsons' integrity and ability to pay. We had heard nothing detrimental to his financial standing; his rating is from $30,000.00 to $35,000.00 in Dun's, and we were at the time carrying $4,000.00 of loans to him which was less than the original amount loaned him, and he had always been business-like in his dealings with us. If he had wanted to borrow money, we should have loaned it to him, and we had no intimation whatever that there was anything wrong there;"

that the defendant bank brought an action against the Citizens Savings Bank to recover the amount of said certificate in the Circuit Court of Wayne county, Michigan, and re-

covered a judgment, which judgment was reversed by the Supreme Court of Michigan, 82 N. W. Rep., 66 (123 Mich., 336); that in the trial of said cause in Michigan the cashier of the defendant testified as follows:

"Q. This red ticket states 'We note you have a correspondent at Burr Oak.' Do you know who that correspondent was that you noted at that time?

A. There being only one bank at Burr Oak there could not be any question about it. He was D. F. Parsons;" that at the times above mentioned there was and is in common use among bankers a register of banks throughout the country, showing their regular correspondents.

The parties further agreed that the trial court might draw any inference of fact from the facts agreed which a jury might draw and that the question of law between the parties was whether or not the defendant was liable to the plaintiff for the amount of the certificate and interest.

MUSGRAVE, VROMAN & LEE, for appellant.

ORVILLE PECKHAM, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

That the act of the Citizens Bank in sending the certificate direct to Parsons, the payor, for collection, was an act of negligence is not disputed. Drovers Nat. Bank v. Packing Co., 117 Ill., 100; First Nat. Bank v. Citizens Savings Bank, 123 Mich., 336.

The question in this case is well stated in the brief for appellee as follows: "We did not forward the certificate to Parsons, but, of course if we induced the Citizens Savings Bank to do so we did what was in effect the same thing; and we do not deny that we should be liable to the plaintiff if that were the case."

The Citizens Savings Bank upon receiving from the defendant bank the certificate in question with accompanying letters and written directions, sent the certificate direct to Parsons and the question whether it was authorized to do

so by the defendant bank depends upon the construction of
the letters and written directions.    In construing these let-
ters and written directions it. is our duty, by the aid of ex-
trinsic evidence, to place ourselves in the position of the
parties so that we may understand the language used, in the
sense the defendant bank intended the Citizens Bank to
understand it.

The defendant bank, through its officers, knew that Par-
sons had the only bank at Burr Oak and that, therefore, if
the certificate was to be sent to a bank at Burr Oak for
collection, it must be sent to Parsons, and knew that Parsons'
was the correspondent of the Citizens Bank.    Knowing these
facts, the defendant bank, in place of sending the collection
to its correspondent at Detroit, sent it to the Citizens Bank
and with it, in addition to the letter of its cashier enclosing
the collection, sent the following:

"Citizens Savings Bank,
            Detroit, Mich.

We send this C-D for $1,650 & Int. to you for collection
as we note that you have a correspondent at Burr Oak, Mich.
Please collect for us at your best rate of exchange, and
oblige                                  FIRST NATIONAL BANK,
9-6-'98.                                            Chicago.

Kindly take this ticket off before forwarding to Burr
Oak."    "As" in this letter must be held to mean *"because"*
and the letter to state that the collection was sent to the
Citizens Bank because it had a correspondent at Burr Oak.
The fact that the Citizens Bank had a correspondent at
Burr Oak was of no importance to the defendant bank un-
less it expected the Citizens Bank to send the certificate to
its correspondent at Burr Oak.

We think that the only just inference that can be drawn
from the evidence is that the defendant bank sent the certifi-
cate for collection to the Citizens Savings Bank expecting
that bank to send it to its Burr Oak correspondent who, as
the defendant bank knew, was D. F. Parsons.

The correspondence shows that the defendant bank con-

strued its directions sent with the certificate to mean that the Citizens Bank was instructed to send the collection direct to Parsons. In a letter of the defendant to the Citizens Bank September 16, 1898, it was said:

* * * "In sending you the item as we did, we supposed it was intended to have the advantage of your knowledge of Parsons. We were aware that his was the only bank at Burr Oak but we thought that you would know enough about him not to send an item on himself for $1,650 unless you had and were warranted in having considerable confidence in him." It appears from the correspondence that Parsons was in good credit and standing and upon the defendant's construction of its own letters the Citizens Bank was thereby authorized to send the collection direct to Parsons.

In First National Bank v. Citizens Savings Bank, *supra,* the Supreme Court of Michigan held that the Citizens Savings Bank was authorized by the directions given to it by the First National Bank to send the draft direct to Parsons.

We think that the papers forwarded by the defendant bank to the Citizens Bank with the certificate, construed in the light of facts and circumstances known to both banks, authorized the Citizens Bank to forward the certificate to Parsons for collection and that in giving such instructions the defendant bank was guilty of the negligence charged in the declaration.

The judgment of the Superior Court will be reversed with a finding of facts and judgment will be entered here in favor of appellant and against appellee for the amount of the certificate of deposit September 6, 1898, $1,688.50, with interest thereon at five per cent from that date to this, amounting in all to the sum of $2,315.44.

*Reversed with finding of facts and judgment.*